## Salada v. Drakenfeld & Co.

*J. Salem Flack*, for plaintiff.

*Hughes, McAlister & Zelt*, and *Marriner & Wiley*, for defendant.

HUGHES, P. J., June 22, 1940.—Defendant has filed an affidavit of defense raising questions of law as to the right of plaintiff to maintain his action in trespass in view of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, and its supplement, the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714. The statement of claim alleges that "Plaintiff, Alexander Salada, was employed by defendant as a laborer on or about October 1928, and continued in said employment until the 16th day of June 1938", during which time the duties of plaintiff exposed him to lead dust, poisonous fumes, and poisonous gases. Section 302(a) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, provides:

"In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and in every contract of hiring renewed or extended by mutual consent, expressed or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making, renewal, or extension of such contract, an express statement in writing, from either party to the other, that the provisions of article three of this act are not intended to apply, and unless a true copy of such written statement, accompanied by proof of service thereof upon the other party, setting forth under oath or affirmation the time, place, and manner of such service, be filed with the Bureau within ten days after such service and before any accident has occurred. Every contract of hiring, oral, written, or implied from circumstances, now in operation, or made or implied on or before December thirty-first, one thousand nine hundred and fifteen, shall be conclusively presumed to continue subject to the provisions of article three hereof, unless either party shall, on or before said date, in writing, have notified the other party to such contract that the provisions of article three hereof are not intended to apply, and unless there shall be filed with the Bureau a true copy of such notice, together with proof of service, within the time and in the manner hereinabove prescribed: Provided, however, That the provisions of this section shall not be so construed as to impair the obligation of any contract now in force." Section 303 provides:

"Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act. Such agree-

ment shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents."

And section 4 of the Occupational Disease Compensation Act of 1937, supra, provides:

"When an employer and employe shall be subject to the provisions of article three of The Workmen's Compensation Act as therein provided, compensation for occupational disease shall be paid in all cases by the employer according to the schedule provided in such act, subject, however, to the special terms and conditions relative thereto as set forth in this act."

In a discussion of these acts of assembly in Simon v. Allegheny-Pittsburgh Coal Co., 34 D. & C. 643, the court says (p. 646):

"If plaintiff's case were founded on alleged facts showing a contraction of the disease prior to January 1, 1938, [that being the effective date of the Occupational Disease Compensation Act] and a continuation of the relationship of employer and employe through and beyond January 1, 1938, then it would follow that plaintiff's only remedy would be an application for compensation under the 1937 amendments."

With this statement of the law, we fully agree. It appearing that plaintiff, Alexander Salada, continued in the employment of defendant until June 16, 1938, he having made his election he was bound by the terms of the acts of assembly above set forth, and his suit at law must be dismissed.

And now, June 22, 1940, it appearing that the right of plaintiff is to recover under The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, and its supplement, the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, the demurrer of defendant is sustained and the cause of action is dismissed at the cost of plaintiff.